Opinion filed January 20,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00089-CR

                                                    __________

 

                             RANDY MIGUEL WILSON, Appellant

 

                                                            
V.

 

                                      
STATE OF TEXAS, Appellee



 

                               On
Appeal from County Criminal Court No. 5

 

                                                          Tarrant
County, Texas

 

                                                    Trial
Court Cause No. 1129731

 



 

M E M O R A N D U M   O P I N I O N

The
jury convicted Randy Miguel Wilson of assaulting a family or household member,
and the trial court assessed his punishment at 365 days in jail and a fine of
$200.  The trial court also suspended the confinement portion of Wilson’s sentence
and placed him on community supervision for twenty-four months.  We affirm.

I.  Background Facts

Wilson
and Nichole Kirchoffner had been in a relationship for five years and had a son
together.  Kirchoffner testified that, at the time of the assault, the three
were living in an apartment in Bedford.  On the morning of September 20, 2008, Kirchoffner
started taking a shower to get ready for work.  She and Wilson had been arguing
since the night before.  Wilson was drinking beer.  He pulled the shower
curtain down.  Kirchoffner continued to get ready for work and was brushing her
hair in front of a mirror when Wilson punched her in the eye.  The two
struggled, and Wilson started to choke Kirchoffner.  Eventually, Kirchoffner
was able to push Wilson off and flee the apartment.  She then called police.

Officer
William Burto of the Bedford Police Department arrived and spoke with Kirchoffner. 
She was upset and claimed that Wilson had assaulted her.  Officer Burto
testified that Kirchoffner had scratches around her neck and redness in her
eye.  Her hair was still wet.  Officer Burto found Wilson and their son by the
swimming pool.  Officer Burto testified that Wilson was evasive and that his
breath smelled of alcohol.  Wilson had scratches on his head, which Officer Burto
believed were consistent with defensive wounds from Kirchoffner trying to get
away.  Officer Burto arrested Wilson.  After being handcuffed, Wilson told Officer
Burto that Kirchoffner was the one who had assaulted him, that she was bigger
than he, and that it was impossible for him to have assaulted her.  Officer Burto
testified that Wilson’s story was inconsistent with what he observed.

Previously, Kirchoffner had assaulted Wilson and had been placed in the Domestic Violence
Diversion Program of the Tarrant County Community Supervision Corrections
Department.  This allows individuals arrested for assaulting a family member to
have their case dismissed if they successfully complete the program’s
conditions.  For Kirchoffner, one condition was that she not have harmful or
injurious contact with Wilson.  Jennifer Staples was Kirchoffner’s case manager.
 Staples saw Kirchoffner on September 25, 2008.  Kirchoffner was distraught. 
She had bruising around one eye, on both arms, and her neck.  Kirchoffner told
Staples what happened.  The record does not describe Staples’s investigation,
but she ultimately concluded that Kirchoffner had not violated the program’s
conditions during the September incident.

Wilson
testified that Kirchoffner was not living at the apartment at the time of the
assault.  He claimed that, on the morning of September 20, she called him and
said that she was coming to pick up their son.  She arrived at the apartment
door and began screaming.  Wilson testified that she kicked in the door and
pushed him back.  She smashed his cell phone against the fireplace so that he
could not call police.  Wilson grabbed their son, and Kirchoffner tried to take
him from Wilson’s hands.  They hit each other.  Wilson left the apartment with
their son and waited by the pool until police arrived.  He testified that he
had not been drinking alcohol that morning and claimed that he had acted in
self-defense.

II.  Issues

In
two issues, Wilson argues that the State’s jury argument improperly commented
on whether Staples and police officers believed that Wilson acted in
self-defense.

III.  Analysis

Permissible
jury argument generally falls into one of four areas:  (1) a summation of the
evidence; (2) a reasonable deduction from the evidence; (3) an answer to the
argument of opposing counsel; or (4) a plea for law enforcement.  Berry v.
State, 233 S.W.3d 847, 859 (Tex. Crim. App. 2007).  If a jury argument
exceeds the bounds of proper argument, a trial court’s erroneous overruling of
a defendant’s objection is not reversible error unless it affected the
defendant’s substantial rights.  Tex. R.
App. P. 44.2(b); Martinez v. State, 17 S.W.3d 677, 692-93 (Tex.
Crim. App. 2000).   To determine whether Wilson’s substantial rights were
affected, we consider (1) the severity of the misconduct, (2) any curative
measures, and (3) the certainty of conviction absent the misconduct.  Martinez,
17 S.W.3d at 692-93.

            Wilson
challenges the following argument:  

[PROSECUTOR]: 
And by the way the probation officer also testified that one of the conditions
of this program, this diversion program that [Kirchoffner] was on, was that she
was to have no harmful or injurious -- which would include anything violent or
threatening or anything -- she’s to have no harmful or injurious contact with
this defendant.  And after learning what happened on that night and thinking
about what happened she told you that [Kirchoffner] was not in any way found to
have violated that, okay? [Staples] did not believe this was self-defense.

 

[DEFENSE
COUNSEL]:  Object to what [Staples] believed, Your Honor.  That’s not evidence.

 

THE
COURT:  Overruled.  Jury will recall the testimony as they heard it.

 

[PROSECUTOR]: 
The officers didn’t think that was self-defense and you shouldn’t --

 

[DEFENSE
COUNSEL]:  Object to what the officers think, Your Honor.  They have no
personal knowledge, speculation.

 

THE
COURT:  Overruled.  Jury caught the evidence as they heard it.

 

Both of the
statements to which Wilson objected fall within the scope of permissible jury
argument.  The statement that Staples did not believe that Kirchoffner was the
aggressor or that Wilson acted in self-defense is a reasonable deduction from Staples’s
conclusion that Kirchoffner did not violate the Domestic Violence Diversion
Program’s condition that she avoid harmful or injurious contact with Wilson.  Likewise,
the statement that police officers did not believe Wilson’s self-defense claim
was a summation of Officer Burto’s testimony, in which he stated that he did
not think Wilson’s story was consistent with what he observed the morning of
the assault.  The trial court, therefore, did not err by overruling Wilson’s
objections.  Accordingly, we overrule both of Wilson’s issues.

IV.  Conclusion

The
judgment of the trial court is affirmed.

 

 

                                                                                    RICK STRANGE

                                                                                    JUSTICE

 

January 20, 2011

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.